## LELAND T. JOHNSON
vs.
## THE DELL REALTY CORPORATION

Superior Court     Fairfield County     File #44917

Present: Hon. ALFRED C. BALDWIN, Judge.

Wright, Hirschberg,
  Pettengill & Strong,       Attorneys for the Plaintiff.

Ives & Sherwood,       Attorneys for the Defendant.

### MEMORANDUM FILED APRIL 2, 1935.

BALDWIN, J. In July, 1933, and for sometime prior thereto, the defendant was developing into building lots for the purpose of sale, a tract of land known as Birch Groves, located in New Milford on Lake Candlewood, which tract it owned. It had an oral agreement with one Leroy F. Shaw under which Shaw had charge of sales of the lots and sales promotion, subject to the approval of the defendant. Under this oral agreement, Shaw was to receive twenty-five per cent commission upon all sales and he was to have all expense of advertiving and other sales promotion expense.

It was considered advisable by Shaw and the defendant to open an office in New York City for the purpose of advancing sales, and accordingly such office was established at 551 Fifth Avenue, and one Lawerence T. Swinburne was in charge of this office.

The credit of the defendant, The Dell Realty Corporation, was good. It did not appear what the credit of Shaw was, but this office was opened and conducted under the name of The Dell Realty Corporation because its credit was good, and all expenses arising out of the conduct of this office for rent, telephone, supplies and advertising, were charged to and paid by the defendant.

Early in July, 1933, Swinburne introduced the plaintiff to Shaw who represented to the plaintiff that he was sales manager for The Dell Realty Corporation, and also told the plain-

tiff of whom the corporation was composed and of their financial standing, etc. He also represented to plaintiff that plaintiff would be paid a commission of ten per cent on all sales, the parties to which had been contacted by plaintiff and in which sales plaintiff had assisted in making, whether the leads to such contracts came through Shaw or otherwise, and the terms and conditions under which payment of such commission would be made.

Shaw further represented to the plaintiff that if a buyer of any lot has "us" build a house thereon "we" always figure a two hundred dollar profit on such building, a half of which the plaintiff would have in addition to commissions on the sales of lots.

The Dell Realty Corporation was not engaged in the construction of houses upon these lots for sale nor was it engaged in the business of constructing houses or buildings for purchasers of lots or in any way interested therein, except to one or two complications which arose through sales of lots made by Shaw which provided for the erection of a house on the lot the subject of such sale, which complications The Dell Realty straightened out for the respective purchasers of such lots.

Shaw did not inform plaintiff of his arrangement with the defendant and that he, Shaw, had the contract for the sale of the lots, the expenses of which, including the advertising and the commissions to his salesmen, including the plaintiff, he Shaw was to pay, but gave plaintiff to understand that plaintiff was working for The Dell Realty Corporation and would receive his compensation from it.

Plaintiff, on July 11, 1933, under the representations made by Shaw, began his services upon the development as a salesman of lots. He participated in the sale of two lots, one to F. W. Kuehne and one to H. V. Smith for which he claims commissions amounting to $260.00. Upon these lots lodges were built and he claims a bonus of $100.00 each on account of the two lodges built.

August 13, 1933, Shaw advised plaintiff that he wanted to have Swinburne remain upon the development and the plaintiff to take over the management of the New York office, going to the development Saturdays, Sundays and holidays to assist in making sales, and that he, Shaw, would see Mr. Rundle and Mr. McLean of The Dell Realty Corporation directly and arrange for plaintiff's salary for management of the

office which salary Shaw represented would be a liberal salary and that he would receive additional compensation for services at the tract over week-ends and holidays. Plaintiff was further advised to establish charge accounts in the name of The Dell Realty Corporation, and given credit references for such purposes and was advised that for such cash expenditures as he found necessary to make, remittances would be made to him therefor.

Pursuant to these instructions, on August 14, 1933, plaintiff took over the management of the New York office. Very shortly thereafter his salary was agreed upon by him and Shaw for such management at $60.00 a week. He devoted his attention to the business of the office until the week beginning January 22, 1934. During this time he contracted bills for supplies and advertising upon the credit and in the name of The Dell Realty Corporation, and the office continued to be maintained in that name. He also paid cash for incidental expenses amounting to $115.80. These bills contracted in the name of The Dell Realty Corporation were paid by the corporation, as was all expense of its maintenance. The corporation, however, charged upon its books against the commissions due Shaw, all of this expense in accord with its arrangement with him. The plaintiff was not advised, nor does it appear that any of those extending credit to The Dell Realty Corporation was advised of the arrangement between the defendant and Shaw. Plaintiff from all the circumstances and talks assumed and understood he was in the employ of The Dell Realty Corporation. He was justified in that assumption during the time he was employed in the New York office.

On December 2, 1933, it was agreed that his salary thereafter was to be $50.00 a week and it was represented to him that his services would be required in the office until the following April. They terminated January 20, 1934.

I cannot find plaintiff entitled to recover from this defendant commission for the sale of either the Kuehne or the Smith lots, nor any bonus on account of the lodges built upon these lots. Plaintiff is entitled to recover from this defendant a salary of $60.00 a week for sixteen weeks from August 14, 1933 to December 2, 1933, and of $50.00 a week for seven weeks from December 2, 1933, to January 20, 1934, which salary his services during those periods were reasonably worth. He is also entitled to recover for his cash expenditures amount-

ing to $115.80, being a total of $1325.80, less the sum of $405.00 which he received while in the management of the office.

There is therefore, due the plaintiff from this defendant, a balance of $920.80, which with interest from January 20, 1934, amounting to $66.30 makes a total of $987.10 for which may be entered.